

Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOEL LITKIE,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**CAVALRY PORTFOLIO SERVICES, LLC,**<br><br>　　　　Defendant. | Case No.: CV'10- 887 KI<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2.　Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.　Plaintiff, Joel Litkie ("Plaintiff"), is a natural person residing in Clackamas

Complaint – Page 1

#34876

County, Oregon.

4. Defendant, Cavalry Portfolio Services, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including sending Plaintiff a letter stating Defendants intent to withdraw an additional payment over and above the number agreed upon by Plaintiff and Defendant over the phone. Defendant and Plaintiff spoke in or around late March or early April, 2010, regarding Plaintiffs account. At that time, Plaintiff asked how many payments were left until his account was satisfied in full. Defendant told him that there were 3 payments left, and that the last one would be taken out on June 1, 2010. Defendant took the payments to which Plaintiff had agreed, but then

sent a notice to Plaintiff stating that it intended to withdraw an additional amount after June 1. Under the circumstances, given that Plaintiff had not agreed to that payment, Defendants sending of that notice was a deceptive and unfair practice (§ 1692e(10) & § 1692f).

10. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

13. To the extent Defendant's actions, detailed in paragraphs 8-9, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e(10) & 1692f.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 USC 1692k;

    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.    For such other and further relief as may be just and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 27th day of July, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff